**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 10 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELLI TAMAZYAN, | No. 13-74290 |
| Petitioner, | Agency No. A099-968-426 |
| v. | |
| JEFF B. SESSIONS, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2017[**]
Pasadena, California

Before: SCHROEDER, DAVIS,[***] and MURGUIA, Circuit Judges.

Nelli Tamazyan petitions for review of a decision from the Board of

Immigration Appeals (BIA), denying her applications for asylum, withholding of

removal, and relief under the Convention against Torture (CAT).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Andre M. Davis, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Tamazyan's appeal is governed by the standards of the REAL ID Act. When, as here, "the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (quoting *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004)). "We review the BIA's denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (internal quotation marks omitted). We will not reverse a finding "with respect to the availability of corroborating evidence" unless we are "compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4); *see Shrestha v. Holder*, 590 F.3d 1034, 1047–48 (9th Cir. 2010). Under these standards, we affirm the BIA's decision and deny Tamazyan's petition for review.

1.  The asylum-seeker bears the burden of proof to show that they are a refugee eligible for asylum. *See Singh v. Holder*, 649 F.3d 1161, 1166 (9th Cir. 2011) (en banc). An IJ may require that an applicant provide corroborating evidence to meet their burden of proof. 8 U.S.C. § 1158(b)(1)(B)(ii). An application for asylum may be denied on the ground that the applicant "failed to provide sufficient corroborating evidence when requested to do so, and therefore failed to meet [their] burden of proof." *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011);

*accord Aden v. Holder*, 589 F.3d 1040, 1045 (9th Cir. 2009) (stating that an asylum application "can be turned down for failing to provide corroboration where [s]he does have it or could reasonably obtain it."). Tamazyan testified to a history of persecution in Armenia. The immigration judge directed Tamazyan to provide documents to corroborate her testimony, including courts records Tamazyan specifically referenced and evidence to show her employment at a university. The immigration judge repeatedly notified Tamazyan of the importance of this evidence and gave her adequate opportunity to provide it. Tamazyan, for the most part, did not provide this corroborating evidence. Further, Tamazyan did not appear to make diligent efforts to obtain corroborating evidence or test the limits of her capacity to obtain corroborating evidence. Tamazyan failed to explain adequately her failure to produce evidence, *see Ren*, 648 F.3d at 1081, 1094, and substantial evidence supports that corroborating evidence was reasonably obtainable. Because the IJ had substantial evidence to find the evidence reasonably obtainable, and Tamazyan failed to provide the evidence, there was legal authority to dismiss Tamazyan's petition for asylum. *Aden*, 589 F.3d at 1045.

2. A petitioner seeking withholding of removal "must show a 'clear probability' of the threat to life or freedom if deported to his or her country of nationality"—a standard "more stringent than the . . . standard for asylum." *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). Because Tamazyan

3

"failed to meet h[er] burden of proof for asylum, [s]he necessarily failed to meet the higher burden of proof for withholding of removal." *Ren*, 648 F.3d at 1094 n.17.

3. To be eligible for relief under the CAT, Tamazyan must prove "it is more likely than not that . . . she would be tortured if removed" to Armenia. 8 C.F.R. § 1208.16(c)(2); *see Konou v. Holder*, 750 F.3d 1120, 1124–25 (9th Cir. 2014). Tamazyan's testimony is taken as true in the absence of an adverse credibility finding. *See Konou*, 750 F.3d at 1124. Tamazyan cannot show that evidence in the record compels a conclusion that she will more likely than not be tortured. For the violence she experienced personally, Tamazyan appears not to be able to show "repeated, lengthy and severe harassment," *see Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006), or violence inflicting "severe pain and suffering" within the CAT's definition of torture. 8 C.F.R. § 1208.18(a)(1)–(2). Though her testimony regarding her uncle's killing showed past torture, *see Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008), Tamazyan did not argue to the BIA that the killing of her uncle entitled her to relief under the CAT. Tamazyan's failure to raise the argument about her uncle before the BIA deprives the panel of jurisdiction to review her argument on appeal. *See Ramos v. I.N.S.*, 246 F.3d 1264, 1267 (9th Cir. 2001).

**PETITION DENIED.**